IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC OBERST,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**R. MOVAHED, DMD, P.C., d/b/a** )<br>**Movahed OMS,** )<br>**REZA MOVAHED, DMD, LLC, d/b/a** )<br>**Mid America Oral Surgery and Implant** )<br>**Center,** )<br>**BRIAN J. HOCKEL, D.D.S.,** )<br>**REZA MOVAHED, D.M.D, and** )<br>**BRIAN J. HOCKEL, D.D.S., a** )<br>**Professional Corporation** )<br>)<br>**Defendants.** ) | Case No. 3:23-CV-1943-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). Plaintiff asserts this Court has subject matter jurisdiction over his lawsuit based on diversity of citizenship, 28 U.S.C. § 1332 (Doc. 1). However, Plaintiff's allegations regarding citizenship are deficient.

Plaintiff alleges that Defendants Movahed OMS, MidAmerica Oral Surgery and Implant Center, and BJHPC are corporations "registered to do business," respectively, in

Missouri, Illinois, and California (Doc. 1, para. 6, 10, 14).[1] But in order to properly allege a corporation's citizenship, "[t]he state of incorporation and the principal place of business must be alleged." *McMillan v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009); *see also* 28 U.S.C. § 1332(c)(1). Furthermore, it is unclear to the Court that Defendant MidAmerica Oral Surgery and Implant Center is in fact a corporation when the full name provided by Plaintiff—Reza Movahed, DMD, **LLC** d/b/a Mid America Oral Surgery and Implant Center (emphasis added)—clearly indicates that it is a limited liability company. The citizenship of an LLC for diversity purposes is the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). Consequently, the jurisdictional statement for an LLC must identify the citizenship of each of its members as of the date the complaint was filed, and, if those members have members, the citizenship of those members as well, until a corporation or a natural person is reached. *Id.*; *accord West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Accordingly, Plaintiff must file an amended complaint that clearly identifies what type of business entity each of these Defendants is and that properly alleges their citizenship.

In amending the complaint, Plaintiff should also address the allegations regarding his own citizenship and the citizenship of individual Defendants Movahed and Hockel, which are presented in a piecemeal fashion. In particular, Plaintiff alleges at the outset of

---

[1] These are the short-form names used by Plaintiff in the Complaint for these Defendants (*see* Doc. 1). The full names for these Defendants are listed in the caption of this Order and in the Complaint (Doc. 1, ¶¶ 6, 10, 14).

the complaint that this action was filed by "a citizen of Indiana against citizens of California and Missouri" (Doc. 1, "Jurisdictional Allegations"). He then goes on to allege that he is a "resident" of Indiana, Defendant Movahed is a "resident" of Missouri, and Defendant Hockel is a "resident" of California (Doc. 1, para. 1, 2, 4). Citizenship—not residency—is what matters for purposes of diversity jurisdiction. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). These piecemeal allegations require the Court to connect the dots and make some assumptions (albeit very slight), which is not ideal. If this was the only issue with Plaintiff's jurisdictional allegations, the Court might let it be. But since Plaintiff has to amend his complaint to correct the allegations regarding the citizenship of the Defendant businesses, the Court believes it would be prudent to amend the allegations regarding Plaintiff's own citizenship and that of the individual Defendants to clearly and completely allege their citizenship in one paragraph.

Accordingly, Plaintiff is **ORDERED** to file an amended complaint, on or before July 27, 2023, that properly alleges the citizenship of all parties. If Plaintiff fails to do so in the manner and time prescribed or, if after reviewing it the Court finds that Plaintiff has not properly established subject matter jurisdiction, the Court may dismiss this action for lack of subject matter jurisdiction.

    IT IS SO ORDERED.

    **DATED: July 6, 2023**

    s/ Mark A. Beatty
    MARK A. BEATTY
    **United States Magistrate Judge**