IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC OBERST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-1943-MAB |
| | ) |
| R. MOVAHED, DMD, P.C., d/b/a | ) |
| Movahed OMS, | ) |
| REZA MOVAHED, DMD, LLC, d/b/a | ) |
| Mid America Oral Surgery and Implant | ) |
| Center, | ) |
| BRIAN J. HOCKEL, D.D.S., | ) |
| REZA MOVAHED, D.M.D, and | ) |
| BRIAN J. HOCKEL, D.D.S., a | ) |
| Professional Corporation | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). Plaintiff filed this lawsuit based on diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1), but his allegations regarding the citizenship of the parties were deficient (Doc. 31). Plaintiff filed an amended complaint as ordered, (Doc. 33), and he sufficiently corrected the citizenship allegations for himself and Defendants Reza Movahed and Brian J. Hockel. However, the citizenship allegations for Defendants "R. Movahed, DMD, P.C. d/b/a Movahed OMS," "Brian J. Hockel, D.D.S., A Professional Corporation," and "Reza

Movahead, DMD, LLC, d/b/a Mid America Oral Surgery and Implant Center" remain deficient.

Movahed OMS and BJHPC are professional corporations, which are treated like any other corporation for purposes of diversity jurisdiction. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir. 2004) (citing *Coté v. Wadel,* 796 F.2d 981, 983 (7th Cir. 1986))). As the Court previously noted (Doc. 31), in order to properly allege a corporation's citizenship, "[t]he state of incorporation and the principal place of business must be alleged." *McMillan v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009); *see also* 28 U.S.C. § 1332(c)(1). In the amended complaint, Plaintiff alleges where Defendants Movahed OMS and BJHPC are "registered to do business" and have their "principal place of business," but does not say anything about the state in which they were incorporated (Doc. 33, para. 6, 10).

As for Defendant Mid America, Plaintiff has clarified that it is an LLC (Doc. 33, para. 14; *see also* Doc. 31). But Plaintiff still has not properly alleged Mid America's citizenship because he did not identify each member of the LLC and specify their citizenship (*see* Doc. 33, para. 14). As the Court previously noted, in order to properly allege the citizenship of an LLC, Plaintiff must identify each of the LLC's members and their citizenship as of the date the complaint was filed; and, if those members have members, the citizenship of those members as well, until a corporation or a natural person is reached (Doc. 31). *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020); *Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). In other words, the citizenship of an LLC must be traced through however many layers of members there

may be.

The Court is not pointing out Plaintiff's errors "merely for the sake of hyper technical jurisdictional purity." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). It is because the Seventh Circuit has repeatedly warned district courts to ensure that subject matter jurisdiction is properly pleaded. *See, e.g., Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004) (lamenting that litigants and judges all too often "disregard their first duty in every suit: to determine the existence of subject matter jurisdiction"); *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

As the party seeking to invoke federal jurisdiction, Plaintiff "bears the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). His jurisdictional allegations, standing alone, must establish that diversity jurisdiction exists. The Court will not read between the lines or make assumptions regarding the citizenship of any party.

Consequently, Plaintiff is **ORDERED** to file a second amended complaint, **on or before August 14, 2023** that properly establishes diversity jurisdiction. The second amended complaint must comply with Local Rule 15.1, which requires all new material

in an amended pleading to be underlined. SDIL-LR 15.1. If Plaintiff fails to file a second amended complaint in the manner and time prescribed or, if after reviewing it the Court finds that Plaintiff has not properly established subject matter jurisdiction, the Court may consider dismissing this action for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

    **DATED: July 24, 2023**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**
